**Daniela PASSINI, Plaintiff,**

v.

**FALKE–GRUPPE, Falke Fashion, Inc., Falke Strickmoden, A.G., Franz–Otto Falke and Franz–Peter Falke, Defendants.**

**No. 90 Civ. 3310 (RPP).**

United States District Court,
S.D. New York.

Sept. 27, 1990.

Liddle, O'Connor, Finkelstein & Robinson by W. Dan Boone, New York City, for plaintiff.

Rogers & Wells by Craig Walker, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR., District Judge.

This is a motion by defendants to dismiss plaintiff's complaint pursuant to Fed.R. Civ.P. 9 and 12(b)(6) for failure to state a claim upon which relief can be granted and on the grounds of forum non conveniens.

Plaintiff's complaint herein alleges the following facts. Plaintiff is a fashion designer and a German national with a residence in New York. All defendants except Falke Fashion, Inc., a U.S. company, are German persons or entities involved in the clothing and textile industry. In November 1986, plaintiff accepted a position with Falke Fashion in New York in connection with which promises were made by Falke Fashion and Franz–Peter Falke to undertake a joint venture with plaintiff to produce a line of men's clothing under the name "Daniela Passini."

The project did not get underway until September of 1988. At that time, Franz–Peter Falke represented to plaintiff that Falke Fashion had hired an Italian firm to

produce and distribute the line in Italy, that a sales agent and showroom would be provided in New York, that plaintiff would have three seasons to introduce the line, that the joint venture company would be based in offices in Milan and that defendants would fully support the joint venture. Franz–Peter Falke also promised plaintiff a salary of at least $100,000 per year for her involvement in the joint venture.

It was also a part of the understanding that plaintiff would be responsible for developing, producing and marketing the Daniela Passini collection in the United States while defendants would hire agents for sales abroad, that the collection would be imported into the United States by Falke Fashion, Inc., that plaintiff was permitted to use facilities at Falke Fashion and that defendants would provide accounting services for the project.

Plaintiff left her position with Falke Fashion and moved to Italy on October 31, 1988, to begin designing and producing the Daniela Passini collection. Plaintiff found the Italian firm hired by defendants uncooperative and unable to provide the services as promised by Franz–Peter Falke. On her own, plaintiff created a sample collection and seven duplicates for sales agents which she presented to the press and buyers on January 11, 1989. The Daniela Passini collection was received favorably.

Defendants notified plaintiff in January 1989 that they would not abide by the terms agreed to in October 1988. Defendants refused to hire sales agents for New York and Europe, refused to establish the Milan office and rented a showroom in New York for plaintiff for only three months. Falke Fashion refused to provide facilities or support as promised.

On February 15, 1989, Franz–Peter Falke informed plaintiff for the first time that defendants planned to terminate the project unless the Daniela Passini line sold 6000 pieces in the first season. He also told her that she could not order materials, prepare patterns or secure production facilities for the merchandise already sold.

In March 1989, Franz–Peter Falke informed plaintiff by telephone that defendants planned to terminate the joint venture and advised her to cancel all outstanding orders. On April 24, 1989, Franz–Peter Falke formally terminated the joint venture by mail and demanded reimbursement from plaintiff of certain sums expended on her behalf. On May 8, 1989, he advised plaintiff that defendants had begun to register her name as a trademark in numerous foreign countries and that she could repurchase those rights from defendants for approximately 350,000 Deutsche Marks. Defendants thereafter incorporated numerous features of the Daniela Passini collection into its own line of merchandise.

Based on these facts, plaintiff claims relief for (1) breach of contract; (2) common law fraud; and (3) violation of RICO, 18 U.S.C. § 1961 *et seq.*

■ A fair summary of these allegations is that plaintiff was deprived of the possible benefits of a potential business deal and has suffered losses as a result of the defendants' conduct. Based on the fact that many of the communications between the parties constituted false representations to plaintiff transmitted by mail or telefax, plaintiff claims these acts constitute predicate acts of mail and wire fraud against her. This is not a satisfactory pleading of a RICO claim.

■ A "pattern of racketeering activity" is established for RICO purposes where the predicate acts "themselves amount to, or ... otherwise constitute a threat of, *continuing* racketeering activity." *H.J. Inc. v. Northwestern Bell Telephone Co.,* — U.S. ——, 109 S.Ct. 2893, 2901, 106 L.Ed.2d 195 (1989) (emphasis in original). Factors including the number and variety of predicate acts, the length of time during which they were committed, the number of victims and the occurrence of distinct injuries are considered in determining whether such continuity exists. *See Continental Realty Corp. v. J.C. Penney, Inc.,* 729 F.Supp. 1452, 1454 (S.D.N.Y.1990). The Supreme Court in *H.J. Inc.* explained that predicate acts extending over a few weeks or months and threatening no future criminal conduct

do not satisfy the pattern requirement. *Id.* at 2902.

Plaintiff alleges no facts from which a pattern of racketeering activity which meets this standard may rationally be inferred. The court in *Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F.Supp. 579 (S.D.N.Y.1989), dismissed plaintiff's RICO claim alleging nearly fifty mail fraud violations on the grounds that:

> The complaint alleges a closed-ended, single scheme involving three perpetrators (a company and two of its directors), one victim, and an uncomplicated transaction (essentially relating to a simple breach of contract).

*Id.* at 584. Similarly, plaintiff here alleges facts showing no more than a straightforward breach of contract claim. The complaint recites a single alleged scheme involving a single perpetrator consisting of affiliated companies, a single victim and a single transaction gone sour.

Plaintiff also fails to allege facts showing a threat of continuing racketeering activity. *See Continental Realty Corp.; USA Network v. Jones Intercable, Inc.*, 729 F.Supp. 304, 318 (S.D.N.Y.1990) (no threat of continuity where alleged purpose of fraudulent scheme was "essentially accomplished"); *Bingham v. Zolt*, 683 F.Supp. 965, 970 (S.D.N.Y.1988) (improper to "characteriz[e] the defendant's subsequent enjoyment of the proceeds of the scheme as continuous criminal activity."). Plaintiff alleges no facts tending to show that defendants make a practice of defrauding designers in order to gain control of potentially promising designs. *See Azurite Corp. v. Amster & Co.*, 730 F.Supp. 571, 581 (S.D.N.Y.1990) (short-term, closed-ended scheme did not show threat of continuity absent allegations that defendants had committed the same or similar acts before or that they had committed them again after the period in question); *Continental Realty*, 729 F.Supp. at 1455 ("[T]here is no reason to believe that Home Depot will continue to provide dummy bids for the Defendants in other real estate transactions."). Accordingly, plaintiff's RICO claim is dismissed.

Plaintiff's RICO claim is the only asserted basis for federal jurisdiction in this case. Complaint ¶ 11. Having found this claim deficient, the Court declines to exercise pendent jurisdiction over the state claims, counts one and two, and these will be dismissed as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Chase Manhattan Bank, N.A. v. Fidata Corp.*, 700 F.Supp. 1252, 1261 (S.D.N.Y.1988). In view of the foregoing it is unnecessary for the Court to rule on the motion to dismiss the case on the grounds of forum non conveniens.

SO ORDERED.